UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SYLVESTER THOMAS,

        Plaintiff,

v.                                                                                                 Case No. 10-C-948

J.B. VAN HOLLEN, et al.,

        Defendants.

**ORDER**

Plaintiff Sylvester Thomas is detained at the Wisconsin Resource Center ("WRC") pending proceedings under Wis. Stat. ch. 980, which provides for the civil commitment of sexually violent persons. Plaintiff has filed an action under 42 U.S.C. § 1983 claiming that his constitutional rights have been violated. The defendants are the Director of the Wisconsin Resource Center and other unnamed defendants. Thomas complains that WRC's staff did not stop a fight between him and another resident on March 31, 2010, and he also disagrees with the discipline he received as a result of the fight. As discussed further below Thomas' lawsuit is barred by collateral estoppel and must be dismissed.

First, however, I must address Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Because Thomas is confined pending a Chapter 980 commitment, as opposed to a sentence for a crime, the Prisoner Litigation Reform Act ("PLRA"),

which, *inter alia*, requires payment of the full filing fee over time, does not apply. *West v. Macht*, 986 F. Supp. 1141, 1142-43 (W.D. Wis. 1997).

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff filed an affidavit of indigence. He states that he is not employed and has not indicated that he has any income or assets. Where it is not economically unfair for a plaintiff to pay a portion of the filing fee, I have authority to order payment of a portion of the expense while waiving the remainder. *Bryan v. Johnson*, 821 F.2d 455, 457 (7th Cir. 1987). Here, I conclude Thomas does not have sufficient income or assets to pay a meaningful portion of the filing fee. Accordingly, the entire filing fee will be waived.

Though individuals who are involuntarily committed, rather than convicted, are not deemed prisoners under the Prison Litigation Reform Act, I nevertheless maintain a duty to "screen" all complaints to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that

2

offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here Thomas' complaint is nearly identical to the complaint he filed in his prior lawsuit *Thomas v. J.B. Van Hollen, et. al.,* No. 10-c-0314, (E.D. Wis. 2010), which this Court dismissed for failure to state a claim on April 30, 2010. Thomas has appealed the decision dismissing his prior case and his appeal is still pending before the Seventh Circuit. The doctrine of res judicata, however, bars Thomas' current lawsuit. Under the doctrine, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine,* 532 U.S. 742, 748 (2001). The doctrine also bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. Id., at 748-749. Even apart from the principal of res judicata, this Court's reasoning in dismissing Thomas' prior lawsuit would apply equally to his current lawsuit.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's request to proceed *in forma pauperis* is granted and the entire filing fee is waived.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

**IT IS FURTHER ORDERED** that copies of this order be sent to the director of WRC. Pursuant to a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the

petition and this order have been sent via a Notice of Electronic Filing[1] ("NEF") to State of Wisconsin respondent(s)[2] through the Attorney General for the State of Wisconsin. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the defendants on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the defendant. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

Dated this   26th   day of October, 2010.

                                        s/ William C. Griesbach
                                        William C. Griesbach
                                        United States District Judge

---

[1] Any documents not scanned in CM/ECF will have to be sent by the Clerk to the Department in hard copy.

[2] County sheriffs, jail administrators or employees, police officers, county employees or federal agencies (such as I.C.E.) are not included and paper copies must be served on the appropriate Corporation Counsel, jail administrator or other such party by the U.S. Marshal's Service.

5